His Honor, CHARLES F. CLAIBORNE,
rendered the opinion and decree of the Court, as follows:
At a democratic'primary election held on March 14th, 1916, plaintiff was one of two candidates for nomination of Marshal of the Town of Kenner. His opponent was the defendant. The Commissioners of election returned that the plaintiff had received 57 votes and the defendant 59 votes, and declared the latter the nominee. Plaintiff brought this suit attacking the return and praying to be recognized as the duly elected nominee. His grounds of contestation are that two persons who had offered to vote for him were illegally refused that right, which, if allowed, would have given him 59 votes; and that two persons were illegally permitted to cast their *493 votes for the defendant, which, if eliminated, would have reduced defendant’s votes to 57, and would have thus defeated him.
Judgment was rendered for the defendant and plaintiff has appealed.
On the trial of the case, upon motion of plaintiff’s counsel, the Court instructed the Clerk to produce the •ballot box in Court and to open it. Prior to opening the box, however, the following’ testimony was adduced:
Dr. Gfenella, the presiding commissioner at the election, testified that at the closing of the booth after the election, the commissioners turned the ballot box -over to C. F. Burbacher, Jr., a deputy sheriff; it was wrapped up in paper, with a blue blotter sealed over the top over the hole at the four ends, by Mr. Burbacher, it was in the same condition then as when it left the booth.
Mr. Burbacher testified that he burned the wax on the box, and Mr. Christina pressed a nickel on the wax at the four corners and in the center of the tape where the wax was, and a piece of a sample ticket was sealed over the key-hole; the box was then wrapped in paper and tied around with a rope; he brought the box from Kenner to the Clerk’s office; he there removed the newspaper and the rope, and delivered the box to the. Clerk; the box is in the same condition now as it was then.
Frank J. Tillotson, deputy clerk, testified that he received the box from the deputy sheriff, Burbacher, and that he put it in the vault, where it remained up' to the present time unmolested by any one, and that it is in the same condition in which he received it; that no one has access to the'vault except deputy clerks and the vault is closed every evening; strangers are admitted there during the da}’ but there is always some one there, and it could not be touched unless he saw it.
*494 . On motion of plaintiff’s counsel the Court then ordered the Clerk to open the ballot box; the Clerk then removed the red tape around the box and opened the lock. When plaintiff’s counsel proceeded to pick certain ballots therefrom to be offered in evidence, defendant objected on the ground that all the ballots should be offered in evidence and counted in open Court, and he moved the Court to so order. The Court then ordered the ballots, to be counted in the presence of the Court next Thursday, and in the meantime instructed the Clerk to replace the ballots in the box and to lock it and return it to liis office. Upon' the next hearing of the ca.se, upon motion of the defendant the Clerk opened the box and upon motion of the plaintiff the Court appointed two tellers to count the ballots. The report of the tellers showed the votes cast for Lochbaum were 61 and for Maggiore 56.
Under this .state of facts the ballots were the best evidence of the election and prevailed over the Commissioners’ return.
131 La., 372, 739; 70 So. Rep., 858.
The evidence satisfies us that the ballot box was not tampered with from the time it was sealed in the polling booth up to the time it was produced in open Court by the Clerk upon the first trial, and we will presume that from that moment when it was committed by the Court to the custody of the Clerk he did his duty and took proper care of the box
The plaintiff charges that the contents of the box show that they were tampered with, because five ballots marked “spoilt” were found in the box, while, he argues, the testimony of M. L. Alexander,- one of the Commissioners, is to the effect that there was only one bal *495 lot marked “spoilt” on the day of the election. We do not so read his testimony. He says on page 6: “we had two or three ballots that were spoiled and that were pnt aside. ’ ’
Opinion and decree, June 26th, 1916.
Richard Alexander, another commissioner, says he does not remember how many ballots were marked “spoiled,” bnt he thinks there were several of them.
Dr. A. J. K. Gfenella, the presiding commissioner, swears there were five spoiled ballots.
In the presence of the uncertainty of this testimony we think we are safe in assuming that the correct number of spoiled ballots was that contained in the box at the count made by the tellers appointed by the Court.
With this view of the case the plaintiff received only 56 votes and the defendant 61, or a majority of 5. An investigation of the propriety of the action of the Commissioners in rejecting two votes for plaintiff and receiving two votes for defendant would .serve no useful purpose; for if we concede that plaintiff is right the result would still give the defendant a majority.
It is therefore ordered that the judgment be affirmed.